# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| In re: MARTIN D. FRANTZ and CYNTHIA M. FRANTZ,<br><br>Debtors.<br>_____<br>MARTIN D. FRANTZ and CYNTHIA M. FRANTZ,<br><br>   Appellants,<br><br>   v.<br><br>IDAHO INDEPENDENT BANK, and DAVID P. GARDNER, Chapter 7 Trustee,<br><br>   Appellees. | Case Nos. 2:18-cv-00188-DCN<br>     2:18-cv-00189-DCN<br>     2:18-cv-00190-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. BACKGROUND

On March 26, 2018, Debtors Martin Frantz and Cynthia Frantz ("Appellants") filed a Notice of Appeal with the Ninth Circuit Bankruptcy Appellate Panel ("BAP"). Dkt. 1-1, at 2-4. Because Appellants appealed three separate orders generated by three separate motions in their underlying bankruptcy case, the BAP divided the appeal into three separate cases. Dkt. 1-9, at 1. On April 12, 2018, Idaho Independent Bank sent notice to the BAP that it was exercising its right to have the appeal heard by the District Court rather than the BAP. Dkt. 1-8, at 11-16. On April 19, 2018, the BAP transferred all three cases to the District of Idaho. Dkt. 1-9, at 2-3. The three appeals were filed on April

26, 2018, as cases 2:18-cv-00188 ("Case 188"); 2:18-cv-00189 ("Case 189"); and 2:18-cv-00190 ("Case 190"). Case 188 and case 189 were assigned to the undersigned District Judge, and Case 190 was assigned to District Judge Edward J. Lodge. For convenience, Judge Lodge reassigned Case 190 to the undersigned. In order to further streamline these matters, and in the interest of judicial economy, the Court now consolidates the three cases back into one case.

## II. DISCUSSION

The Federal Rules of Civil Procedure outline that consolidation is appropriate when multiple actions "involving a common question of law or fact" are pending before the Court. *See* Fed. R. Civ. P. 42(a). The Court need not wait for a motion from either party to consolidate, but can invoke Rule 42(a) sua sponte. *See Miller v. United States Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir. 1984).

While the District of Idaho has never addressed the consolidation of bankruptcy appeals, numerous other courts have done so. *See, e.g.*, *In re Corneal*, No. CIV.JFM-00-3536, 2001 WL 34388125, at *2 (D. Md. Oct. 1, 2001), *aff'd*, 52 F. App'x 620 (4th Cir. 2002); *In re Young,* No. EDCV 11-1628-GW, 2012 WL 5834180, at *1 (C.D. Cal. Nov. 13, 2012); *In re M.G.,* No. BANKR. C-03-20197, 2006 WL 3044458, at *1 (S.D. Tex. Oct. 25, 2006); *In re Clifford,* 255 B.R. 258, 262 (D. Mass. 2000), *amended*, No. 00-CV-40158-NMG, 2001 WL 491132 (D. Mass. Jan. 18, 2001). These courts have applied the same standards in determining whether to consolidate bankruptcy appeals as are utilized when considering consolidation in general.

The Court turns to the applicable standard in Federal Rule of Civil Procedure 42(a). Here, there is no question that all three cases involve common questions of law and fact. The Appellants and Appellees are the same in all three cases and the three orders Appellants are appealing are from the same underlying Bankruptcy proceedings. Consolidating the cases will better utilize judicial resources, avoid unnecessary cost, and streamline the appeals process for all parties involved.

As Case 188 was filed first (or at least assigned first numerically) and appears to have some additional documents not included in Case 189 and Case 190, it will be the lead case, with Case 189 and Case 190 as member cases. The parties shall follow the instruction as outlined below concerning future filings.

Upon consolidation, the Clerk of the Court will issue a "Certificate of Readiness." Once the Clerk issues the Certificate of Readiness, the Court will enter an order outlining the briefing schedule and further instructions for the parties.

Finally, currently pending in all three cases is a Motion to Seal. Case 188, Dkt. 5. The Court requests that Appellees (either individually or collectively) file a brief response indicating their position on the Motion.

## III. ORDER

**IT IS ORDERED:**

1.  Cases 2:18-cv-00188, 2:18-cv-00189, and 2:18-cv-00190 are hereby CONSOLIDATED into a single bankruptcy appeal before this Court.

2.  All future filings shall be made only in Case No. 2:18-cv-00188-DCN, which is now the lead case. The original of this Order shall be maintained

as part of the record in this case with a signed copy being placed in the file of Case No. 2:18-cv-00189 and Case No. 2:18-cv-190.

3.    The Clerk of the Court will issue a Certificate of Readiness as soon as reasonably possible.

4.    Appellees shall file a brief response (as noted, only in Case 2:18-cv-00188-DCN) regarding Appellants' Motion to Seal. Any response will be due on or before June 8, 2018. If the Court does not receive anything by that time, the Court will view such inaction as non-opposition and will seal the requested records.

DATED: May 31, 2018

David C. Nye
U.S. District Court Judge